IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CARLA J. McREYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-5084-CV-SW-RED |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Carla J. McReynolds ("McReynolds") seeks judicial review of the Commissioner's denial of her request for Supplemental Security Benefits under Title XVI of the Social Security Act, 42 U.S.C. § 13811 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful

-2-

activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

McReynolds raises three arguments in challenging the ALJ's finding of no disability. First, McReynolds argues the ALJ failed to apply the proper analysis in assessing her credibility. Further, McReynolds contends the ALJ failed to derive a proper residual functional capacity because he ignored medical and vocational evidence that established McReynolds was limited to less than sedentary work. Finally, McReynolds argues the ALJ erroneously concluded that McReynolds could perform her past relevant work.

#### A. Assessing Claimant's Credibility

McReynolds first argues the ALJ erred in not crediting her subjective complaints. Specifically, McReynolds asserts the ALJ incorrectly applied the analysis mandated by Social

Security Ruling 96-7p and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), and improperly disregarded McReynolds's statements regarding the intensity and persistence of her pain.

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As such, if an ALJ discredits a claimant's testimony and gives good reasons for doing so, the Court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). As stated in Social Security Ruling 96-7p,

> [b]ecause symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

61 Fed. Reg. 34,383, 34,484 (July 2, 1996). Thus, when making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them; however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994). Subjective complaints may be discredited only if there are inconsistencies in the record as a whole. *Id.*

Contrary to what McReynolds alleges, the ALJ did address the *Polaski* factors in reaching his decision. The ALJ devoted over one page of his opinion to an analysis of McReynolds's medical history, her daily activities, her testimony regarding her symptoms and her pain, her medication and its side effects, and her work history before reaching his conclusion on the issue of credibility. (Tr. 20-21). There is no indication that the ALJ did not take these factors into consideration when making his credibility determination.

Because the ALJ articulated the inconsistencies in the record upon which he relied in discrediting McReynolds's testimony and because there is substantial evidence in the record to support the credibility findings, the Court concludes the ALJ did not err in his assessment of McReynolds's credibility.

### B. Residual Functional Capacity Assessment

McReynolds next argues the ALJ erred by failing to derive a proper residual functional capacity. In particular, McReynolds contends the ALJ ignored the medical and vocational evidence that established McReynolds was limited to less than sedentary work.

According to SSR 96-8p, a residual functional capacity assessment must be based on all the relevant evidence in the case record, including medical history, reports of daily activity, medical source statements, and effects of treatment. 61 Fed. Reg. 34,474, 34,477 (July 2, 1996). The Eighth Circuit has stated that although the ALJ is not limited to considering medical evidence when assessing residual functional capacity, an ALJ should be required to consider "at least some supporting evidence" from a medical professional. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).

According to McReynolds, "the ALJ cited no medical evidence" to support his residual

functional capacity assessment. (Pl.'s Br. 15). Yet, upon review of the ALJ's decision, the Court notes that the ALJ cited the opinion of Dr. Truett Swaim in which he concluded McReynolds "is capable of working." (Tr. 18, 227). Dr. Swaim opined that McReynolds should be limited to a sedentary work level according to the U.S. Department of Labor Dictionary of Occupational Titles. (Tr. 227). The ALJ also cited to the record that as of March 11, 2002, McReynolds's treating physician released her to return to work with restrictions only as to lifting, pushing, pulling, twisting and bending. (Tr. 18). The Court finds that this medical evidence, along with the other evidence to which the ALJ cited, represents substantial evidence to support the ALJ's finding that McReynolds retained the residual functional capacity to perform sedentary work.[2]

### C.  Ability to Perform Past Relevant Work

Finally, McReynolds argues the ALJ erred by concluding she was capable of doing her past relevant work as a customer service representative. McReynolds claims the ALJ failed to make explicit findings as to the requirements of her past work, and failed to compare the requirements of the past work with the residual functional capacity the ALJ had derived.

Under Social Security Ruling 82-62, in finding an individual capable of performing past relevant work, the ALJ's decision must contain the following specific findings of fact: (1) findings of fact as to the individual's residual functional capacity, (2) findings of fact as to the physical and mental demands of the past work, and (3) findings of fact that the individual's residual functional capacity would allow her to return to her past work. S.S.R. No. 82-62, Soc. Sec. Rep. 809, 811-812 (West 1983); *see also Groeper v. Sullivan*, 932 F.2d 1234, 1238-39 (8th

---

[2] Although McReynolds contends the ALJ erred by ignoring the vocational evidence of record, the Court finds this was harmless error as there is substantial evidence in the record to support the ALJ's residual functional capacity assessment .

Cir. 1991).

Here, the vocational expert testified McReynolds would be capable of performing her past work as a customer service representative. While the Dictionary of Occupational Titles lists "customer service representative" as a position requiring the ability to perform light work, the vocational expert testified that McReynolds had performed the work at a sedentary exertional level. (Tr. 52-53). The ALJ thus noted in his decision that McReynolds had performed this job at a sedentary level despite the classification as light work. Moreover, the vocational evidence of the record suggests the job required McReynolds to sit, type a Customer Service Number onto a computer screen, and then read a series of screens that appeared on her computer. (Tr. 160). This evidence supports the ALJ's finding that the customer service representative work as performed by McReynolds was done at a sedentary level. Thus, the ALJ correctly concluded that McReynolds, with the residual functional capacity to perform sedentary work, was capable of returning to her past work as a customer service representative. The Court finds there is substantial evidence in the record to support the ALJ's conclusion.

### IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ is AFFIRMED.

**IT IS SO ORDERED**.

DATE:       February 6, 2007            */s/ Richard E. Dorr*
                                        RICHARD E. DORR, JUDGE
                                        UNITED STATES DISTRICT COURT